UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| DAVID LEE HUGGINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CV417-054 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## ORDER

Proceeding *pro se*, David Lee Huggins has timely filed a Complaint asking the Court to review the final denial of his social security disability claim. Doc. 1. The Court preliminarily screened his complaint and ordered Huggins to provide it with more information about "his diagnoses, how they affect his ability to work, or why the ALJ concluded he was not disabled." *See* doc. 5 at 2. In response, Huggins sent the Court a one-page "Amended Complaint" explaining that his rheumatoid arthritis, in combination with lasting effects from a 2006 car accident, renders him unable to work. Doc. 6. This is good -- but the Court still needs more. Given his *pro se* status, and in view of Fed. R. Civ. P. 15(a)'s admonition to give leave freely "when justice so

requires," the Court will allow plaintiff another crack.

In his Second Amended Complaint, plaintiff must set forth:

(1) a short, plain description of his alleged physical or emotional impairments, when he contends they became disabling, and how the impairments prevent him from working;[1]

(2) a summary of all the administrative proceedings before the Social Security Administration; and

(3) a short, separate statement of each of his legal claims explaining *why* the evidence does not support the Social Security Administration's findings and denial of benefits.[2]

*See* doc. 9. If plaintiff fails to file a Second Amended Complaint *within 21 days* from the date this Order is served, or fails to cure the deficiencies identified above, the Court will recommend that the Complaint be dismissed with prejudice.

---

[1] Plaintiff can flesh out what he said in his Amended Complaint: why his rheumatoid arthritis prevents him from doing his past work or *any other* full-time work and what medical evidence he provided to the Social Security Administration to prove his arthritis keeps him from working.

[2] Meaning, the Court needs to know specifically what the Administrative Law Judge (ALJ) failed to consider -- how did the ALJ err in finding plaintiff not disabled? Be specific.

**SO ORDERED,** this 28th day of June, 2017.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA