UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVID LEE HUGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-054 |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) | |

# **ORDER**

Plaintiff filed his Complaint seeking review of a final decision of the Commissioner of Social Security and motion to proceed *in forma pauperis* (IFP) in March 2017. Docs. 1 & 2. After his Complaint was approved for service on the Commissioner, plaintiff was served with this Court's General Order in Social Security Appeals setting forth the briefing schedule and requirements to which *all* Social Security appeal plaintiffs (whether *pro se* or represented by counsel) must adhere. Doc. 4. The Court ordered plaintiff to explain his failure to comply with that Order, which required him to file his opening brief explaining his entitlement to relief within 30 days of the filing of the Administrative Record and filing of defendant's Answer to the Complaint. Doc. 23.

Plaintiff responded with another letter complaining that he has been unable to find an attorney to write his opening brief for him. Doc. 23 at 1. He also reiterates his complaints that he cannot work because of his various impairments, and recapitulates his educational and employment history. *Id*. That summary does not, however, demonstrate any *error* in the Administrative Law Judge's written denial of benefits. At most, he alleges that his "physical ability is not as good as Social Security feels." *Id*. But to have this Court review the Commissioner's decision, there must be something more than "they got it wrong." As set forth in this Court's General Order, plaintiff must:

> (a) State the *issues* presented for review, set forth in separate numbered paragraphs. In other words -- *what* did the ALJ get wrong?
>
> (b) Briefly summarize his mental and physical impairments and the medical evidence supporting those impairments, with references to the pages of the Administrative Record where that medical evidence may be found. Meaning -- what evidence did the ALJ have before him when he denied benefits?
>
> (c) Separately and clearly set forth his argument regarding each *issue*, with specific reference to the portion of the record relied upon and by citations to statutes, regulations, and cases. Or, *how* did the ALJ get it wrong?

*See* doc. 4 at 2. Plaintiff apparently wishes to continue to prosecute his case. *See* doc. 23. But without any indication of how plaintiff believes

the Commissioner erred in denying him benefits, the Court can do *nothing* for him.

**Within 14 days** of the date this Order is served, plaintiff is **DIRECTED** to file his opening brief complying with the above or face a recommendation of dismissal for failure to comply with a Court order. *See* Fed. R. Civ. P. 41(b); S.D. Ga. L.R. 41.1(c).; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).

**SO ORDERED,** this  19th  day of September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA