# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVID LEE HUGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-054 |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

FILED
Scott L. Poff, Clerk
United States District Court

*By jburrell at 9:00 am, Oct 15, 2018*

## **REPORT AND RECOMMENDATION**

Plaintiff filed his Complaint seeking review of a final decision of the Commissioner of Social Security and motion to proceed *in forma pauperis* (IFP) in March 2017. Docs. 1 & 2. In lieu of filing an opening brief pursuant to the Court's General Order (*see* doc. 4), plaintiff has filed several letters complaining that he cannot work and objecting, generally, to the ALJ's determination that he can. Docs. 8, 22, & 23 at 1 (alleging that his "physical ability is not as good as Social Security feels"). The Court, unable to review Huggins' request without even a hint of what error Huggins believes the ALJ committed, ordered Huggins to:

> (a) State the *issues* presented for review, set forth in separate numbered paragraphs. In other words -- what did the ALJ get wrong?

> (b) Briefly summarize his mental and physical impairments and the medical evidence supporting those impairments, with references to the pages of the Administrative Record where that medical evidence may be found.  Meaning -- what evidence did the ALJ have before him when he denied benefits?
>
> (c) Separately and clearly set forth his argument regarding each *issue*, with specific reference to the portion of the record relied upon and by citations to statutes, regulations, and cases.  Or, *how* did the ALJ get it wrong?

Doc. 25 at 2 (citing doc. 4 at 2).  But plaintiff's single-page response still fails to set forth any viable claim.  He asserts, unedited and in full, that

> (A) To the court I David Huggins say that ALJ got wrong my physical ability.  I'm not able to receive the medical treatment, that is nessary to try to get physical enough to go back to work.  Which I doubt because my bones & body is deteration day by day after seven years of being nelegted.
>
> (B) I don't know of my mental incoptent, because growing up in the country I never had to see a doctor and now I still cant.  Have no insurance and no bank account.  Medicine that they sold me didn't help.  Need pain management no money no help.  May the court have mercy on me because I do need help.
>
> (C) I presented all the things I know to comply with disabity social security that I can I don't know what else to do.

Doc. 26 at 1.  In addition to admitting that, with some effort and further physical therapy, he apparently *could* work, *id*., plaintiff still has not actually pointed to any *error* in the ALJ's decision finding him capable of work.

In a written decision, the ALJ determined that despite his medically

determinable impairments Huggins retained the residual functional capacity to work as a cashier II, a cafeteria attendant, and a cleaner. Tr. 30.[1]  Huggins -- despite being provided multiple opportunities to do so -- again points to *nothing* in the Administrative Record to undermine the ALJ's evaluation of the evidence or residual functional capacity assessment.  Indeed, aside from his own subjective feeling that he is more limited than the ALJ determined and that his condition has continued to decline while waiting for benefits, Huggins has not even hinted at any error that this Court can evaluate.[2]  He just thinks the ALJ "got [it]

---

[1]   The ALJ found plaintiff had severe impairments of lumbar spine degenerative disc disease, bilateral knee degenerative joint disease, chronic obstructive pulmonary disease, a left inguinal hernia (status post-repair), and bilateral elbow and hand pain, but that these impairments did not meet or equal a Listing.  Tr. 25 & 26.  Based on the medical evidence and creditable pain testimony, the ALJ determined that Huggins retained the residual functional capacity to perform light work except that he was limited to pushing/pulling up to 10 pounds occasionally, standing/walking/sitting a total of 6 hours in an 8-hour workday, and had various postural limitations (limited to only occasional climbing of ramps, stooping, kneeling, crouching, and crawling, with a prohibition on climbing ladders or scaffolds and working around unprotected heights).  Tr. 26.

   In reaching this determination, the ALJ considered Huggins' full medical record seeking treatment for his pain, including the objective evidence (imaging studies showing only minimal degenerative changes) and his history of conservative treatment (including physical therapy, pain medication, and injections).  Tr. 27-28; 51-59.  The ALJ also noted that Huggins' complaints of disabling pain, in fact, were *inconsistent* with his treating and examining physicians' observations, which reflected normal, unremarkable findings on strength, range of motion, gait, and other metrics.  Tr. 27-28.

[2]   As to Huggins' new allegation that he has been unable to afford mental health

wrong."

Though Huggins is clearly dissatisfied with the Commissioner's decision, this Court cannot do the legal or factual work for him.  Plaintiff has had ample opportunity to identify some error that this Court can evaluate and has failed to do so.  The Commissioner found that plaintiff has physical impairments, and resultant pain, that limit *but do not preclude* his ability to work.  Tr. 23-31.  Huggins has failed to brief any challenge to that determination,[3] contrary to this Court's order that he do so or face a recommendation of dismissal.  Doc. 25 at 2-3.  His Complaint therefore should be **DISMISSED** for failure to comply with a Court order. *See* Fed. R. Civ. P. 41(b); S.D. Ga. L.R. 41.1(c).; *Link v. Wabash R.R. Co.*,

---

treatment for an unconsidered and unidentified impairment, the ALJ specifically noted that Huggins denied suffering from any mental disorder and that consulting physician Dr. Mobley had found no mental impairment.  Tr. 25; *see* tr. 48 (noting he had taken "regular classes" in school), tr. 59 (reporting that he had never sought treatment for mental or emotional problems).  Huggins' last-minute addition of a brand-new, nonspecific mental impairment that was never briefed or evaluated by the agency cannot now manufacture some error in the Commissioner's decision denying benefits.

[3]  As this Court has explained, a plaintiff "waive[s] all challenges to the ALJ's decision except the one[s] briefed." *Jones ex rel. Martensen v. Colvin*, 2015 WL 4770059 at *3 n. 3 (S.D. Ga. Aug. 12, 2015) (citing *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App's 855, 856 n. 1 (11th Cir. 2013)).  And this Court will not, on its own, hunt down any such reasons. *Beasley v. Berryhill*, 2018 WL 1547865 at *3 (S.D. Ga. Mar. 6, 2018) (citing *United States v. Dunkel*, 927 F.3d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")).

370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F.

App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __12th__ day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA